STATE of Wisconsin, Plaintiff-Appellant,

v.

Daniel C. DOYEN, Defendant-Respondent.†

STATE of Wisconsin, Plaintiff-Appellant,

v.

Dan R. SPENCER, Defendant-Respondent.†

STATE of Wisconsin, Plaintiff-Appellant,

v.

Michael J. WOODWORTH, Defendant-Respondent.

STATE of Wisconsin, Plaintiff-Appellant,

v.

Doris J. HURNING, Defendant-Respondent.†

STATE of Wisconsin, Plaintiff-Appellant,

v.

Kim M. WELSING, Defendant-Respondent.

Court of Appeals

†Petition to review denied.
†Petition to review denied.
†Petition to review denied.

635

*Nos. 93–2203–CR, 93–2205–CR, 93–2206–CR, 93–2302–CR, 93–2497–CR. Submitted on briefs April 22, 1994.—Decided May 24, 1994.*

(Also reported in 518 N.W.2d 321.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Steven J. Madson,* assistant district attorney.

On behalf of the defendant-respondent, Michael J. Woodworth, the cause was submitted on the brief of *Royce A. Finne,* of Green Bay.

On behalf of the defendant-respondents, Daniel C. Doyen, Dan R. Spencer and Doris Hurning, the cause was submitted on the brief of *David J. Matyas,* of De Pere.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

CANE, P.J.   The common issue in each of these cases is whether the defendants are subject to the mandatory minimum penalties under § 343.44(2g), STATS., for operating a motor vehicle when their initial court-ordered period of suspension or revocation for a conviction of operating a motor vehicle while intoxicated had expired, but the suspension or revocation continued because they had failed to comply with the required alcohol assessment interview or treatment program. The trial court concluded that the defendants were not arrested at a time when their operating privileges were suspended for the OWI convictions and therefore were not subject to the mandatory minimum penalties. We disagree and therefore reverse the sentences and remand to the trial court for sentencing under the mandatory sentencing provisions of § 343.44(2g).

---

[1] This is a three-judge decision pursuant to the Chief Judge's order.

The court suspended Daniel Doyen's license in May 1990, for six months as a result of an OWI conviction. He was suspended indefinitely in June 1990, for failing to complete his alcohol assessment interview. His license remained suspended since the 1990 OWI conviction. Doyen's present conviction is his fifth operating after revocation or suspension conviction (OAR), and the court sentenced him to thirty days in jail and a fine of $300 plus costs.

Dan Spencer was convicted of OWI before 1982, but his license remained suspended indefinitely because of his failure to comply with his alcohol treatment program. This is his third conviction for OAR, and the court sentenced him to five days in jail and a fine of $200 plus costs.

Michael Woodworth was convicted of OWI in May 1989, and his license has remained suspended because he failed to comply with his alcohol assessment order. This is his fifth conviction for OAR, and the court sentenced him to thirty days in jail and a fine of $300 plus costs.

Doris Hurning was convicted of OWI in October 1989. She was also suspended indefinitely in December 1990, for noncompliance with her alcohol assessment order, and her license remains suspended. This is her fourth conviction for OAR, and the court sentenced her to fifteen days in jail and a fine of $250 plus costs.

Kim Welsing was convicted of OWI in February 1990, and again in June 1990. Her license has also remained suspended, and this is her fourth conviction for OAR. The court sentenced her to fifteen days in jail and a fine of $250 plus costs.

Thus, each defendant was arrested for operating a motor vehicle at a time after the initial suspension had run for the OWI convictions, but while his/her license

remained suspended.[2] None of the defendants had their license reinstated at the time of the arrests, nor did they ever obtain an occupational or commercial license.

The issue in these appeals concerns the interpretation and application of § 343.44(2g), STATS., and therefore presents a question of law that this court reviews independently of the trial court's determinations. *State v. Pham,* 137 Wis. 2d 31, 33-34, 403 N.W.2d 35, 36 (1987). We first examine the language of the statute, and we resort to extrinsic aids in determining the meaning of the statute only if its language is ambiguous. *See id.* at 34, 403 N.W.2d at 36. In *State v. Charles,* 180 Wis. 2d 155, 160, 509 N.W.2d 85, 86 (Ct. App. 1993), we previously interpreted § 343.44(2g)(e) and concluded it was unambiguous. Although the issue in *Charles* concerned the phrase "under this section" of the enhanced penalties scheme, we also conclude that § 343.44(2g) is unambiguous.

Section 343.44(2g), STATS., provides in relevant part: "[A]ny person who violates [sec. 343.44(1)] while his or her operating privilege is *suspended or revoked for . . . violating s. 346.63(1) [OWI] . . .* or a local ordinance in conformity therewith, . . . is subject to the following penalties[.]" (Emphasis supplied.) The pen-

---

[2] With the exception of Welsing, all of the defendants had their suspensions continued until they complied with the court's alcohol assessment treatment order. Welsing's license was originally suspended because of her OWI convictions, but was later revoked in December 1991, for five years under ch. 351, STATS., when it was determined that she was an habitual traffic offender. *See* § 351.025, STATS. Her argument is the same as the other defendants, namely that she was not arrested at a time while suspended for the OWI convictions.

640

alty sections provide for enhanced penalties for each additional conviction under this section if the convictions are within a five-year period.

Section 343.44(1), STATS., provides in relevant part:

> No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation *or thereafter* before filing proof of financial responsibility or before that person has obtained a new license in this state, including an occupational license, or the person's operating privilege has been reinstated under the laws of this state. (Emphasis added.)

The defendants argued successfully to the trial court that it is the operation of a motor vehicle during the *initial court's* suspension for an OWI conviction that requires the application of the mandatory minimum sentencing provisions of § 343.44(2g), STATS. They reason that the suspension in effect at the time of their violation was because of their failure to comply with the alcohol assessment order, § 343.30(1q)(d),[3] and not because they had violated § 346.63(1), STATS. , since the specific time period for the initial suspension had expired. Thus, they argue that the terms *suspension* or *revocation* in § 343.44(2g) refer only to the specific court ordered suspension or revocation and because that specific court ordered suspension or revocation

___

[3] Essentially, § 343.30(1q)(d), STATS., provides that the department shall suspend the person's operating privilege if that person fails to submit to and comply with the court's assessment order. The suspension continues until the department is notified of the person's compliance with the court's assessment order.

had expired at the time of their arrest for this offense, the enhanced penalty scheme does not apply to them. They also contend the legislature could have provided an enhanced penalty scheme for operating a motor vehicle during the suspension under § 343.30(1q)(d), but did not.

On the other hand, the State contends that § 343.44(2g), STATS., must be read in conjunction with § 343.44(1) and thus if persons are convicted for OWI and their licenses continue suspended or revoked, they are subject to the penalty scheme set forth in § 343.44(2g). We agree with the State.

The plain language of § 343.44(2g), STATS., requires it be read together with § 343.44(1). Subsection (2g) refers to § 343.44(1) as the basic statute that is being violated. Simply stated, § 343.44(2g) prohibits persons from operating a motor vehicle while their operating privileges remain suspended or revoked for violating § 346.63(1), STATS. (OWI). To read it otherwise would in effect eliminate the legislature's insertion of the language "or thereafter" in § 343.44(1). Here, the defendants had their operating privileges suspended because they had been convicted of OWI. At sentencing for an OWI conviction, the trial court is required to order an alcohol assessment and compliance with the treatment plan. When the defendants failed to comply with the court's alcohol assessment order arising from the OWI convictions, their operating privileges continued suspended as required by statute.

In other words, the original suspensions as a result of the OWI convictions remained in effect or continued when the defendants failed to comply with the court's assessment order. It is not a situation where the operating privilege is automatically reinstated after the

lapse of a specific time period. These suspensions for violating § 346.63(1), STATS., continue until the defendants meet certain conditions, which none of them did. Similarly, Welsing's suspension for violating § 346.63(1) continued because these violations qualified her as an habitual traffic offender. Thus, her revocation came as a result of violating § 346.63(1) and was still in effect at the time of her arrest. Therefore, each defendant was arrested for operating a motor vehicle while his/her operating privilege was suspended for violating § 346.63(1), or a local ordinance in conformity therewith.

We are also unpersuaded by the defendants' argument that the legislature could easily have provided for an enhanced penalty scheme if the person operated a motor vehicle while under the suspension of § 343.30(1q)(d), STATS., when they failed to comply with the court's alcohol assessment order. Their failure to comply with the court ordered alcohol assessment order is not a separate violation which must carry with it a separated sentencing scheme. As stated previously, we do not view this as a separate suspension, but rather as a continuation of the original court ordered suspension because of their failure to comply with the court's ordered conditions for reinstatement of their operating privileges.

Therefore, because each defendant was operating a motor vehicle at a time when his/her operating privilege was suspended for violating § 346.63(1), STATS., or a local ordinance in conformity therewith, we reverse the trial court's sentences and remand these matters to the trial court for sentencing under the mandatory scheme provisions of § 343.44(2g), STATS.

*By the Court.*—Judgments reversed and cause remanded.