917 So.2d 899 (2005)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
David Wayne TARMAN, Appellee.
No. 3D05-744.
District Court of Appeal of Florida, Third District.
October 19, 2005.
*900 Charles J. Crist, Jr., Attorney General, and Charles M. Fahlbusch, Assistant Attorney General, for appellant.
Dray Cabrera & Zacca and Deric Zacca, Miami, for appellee.
Before LEVY, GERSTEN and ROTHENBERG, JJ.
PER CURIAM.
The Department of Highway Safety and Motor Vehicles ("Department"), appeals the trial court's order dismissing its complaint for probable cause. We reverse.
On November 28, 2004, a highway patrol officer stopped David Tarman ("Tarman"), for speeding and cutting off another vehicle. Upon questioning, Tarman admitted he had consumed several alcoholic drinks and smoked marijuana earlier in the evening. The officer arrested Tarman after he failed road sobriety and breathalyzer tests. The officer then ran a computer check and discovered that Tarman had a revoked license for a previous DUI conviction.
The Department seized Tarman's vehicle, pursuant to sections 322.34(9)(a), and 932.701(2)(a)(9), Florida Statutes (2004), which provide for the forfeiture of a vehicle driven by a person under the influence of alcohol whose license has been suspended for a prior DUI conviction. See §§ 322.34(9)(a), 932.701(2)(a)(9), Fla. Stat. (2004).[1]
The Department then filed a complaint for probable cause, with a verified affidavit from the arresting officer, and a final order of forfeiture. At the adversarial preliminary hearing, Tarman conceded that he did not have a valid driver's license at the time of his arrest and that he had a 2002 DUI conviction in Georgia. Tarman argued, however, that his driver's license was revoked for 180 days beginning June 26, 2002, and that the period of revocation has since expired. Tarman further argued that he was not driving with a revoked, cancelled or suspended license, rather an invalid license, and that driving with an invalid license is insufficient for a forfeiture.
*901 The Department, on the other hand, presented evidence that the State of Georgia did not send notice of the Georgia DUI conviction until July of 2004 and that the State of Florida sent Tarman notice that his Florida license was revoked in September of 2004.
The trial court found that it was "fundamentally unfair" for Florida to revoke Tarman's license two years after the Georgia DUI conviction. The court also noted, however, that the Department's record showed that Tarman's license had been revoked and that the court could find probable cause.
Regardless, the court ultimately decided that Tarman's license was not properly revoked at the time of the instant DUI. Therefore, due to the fundamental unfairness, the trial court determined there was insufficient probable cause to constitute a violation of the Florida Contraband Forfeiture Act. This appeal follows.
The Department asserts that the trial court erred in finding no probable cause because Tarman's license was revoked at the time of his DUI arrest. We agree.
Although we understand the trial court's frustration with the unfortunate administrative procedures that caused a two-year delay in the State of Florida revoking Tarman's license, it does not change the fact that Tarman was still driving with a revoked license. See State v. Green, 747 So.2d 1007 (Fla. 3d DCA 1999) (a driver's license remains revoked until the driver takes affirmative steps to get driving privileges reinstated). Further, the question of whether probable cause exists involves "whether the information relied upon by the state is adequate and sufficiently reliable to warrant the belief by a reasonable person that a violation had occurred." Cox v. Dep't of Highway Safety & Motor Vehs., 881 So.2d 641 (Fla. 5th DCA 2004).
Here, Tarman admitted that he had a prior conviction for DUI, that he was driving under the influence of alcohol and marijuana, and at the very least, he was driving without a valid license. The trooper testified that Tarman was clocked at eighty five miles per hour and failed roadside sobriety and breathalyzer tests. Given Tarman's admissions, the trooper's testimony and the Department's records which show that Tarman's license was revoked and had never been reinstated, the Department had probable cause for the seizure of Tarman's vehicle.
Accordingly, we determine the existence of probable cause for the statutory forfeiture. We reverse and remand for further proceedings. Additionally, we reverse the trial court's award of attorney's fees under section 57.105, Florida Statutes, as this action was not frivolous or devoid of merit.
Reversed and remanded.
NOTES
[1] Section 322.34(9)(a), Florida Statutes (2004), provides that "[a] motor vehicle that is driven by a person under the influence of alcohol or drugs in violation of s. 316.193 is subject to seizure and forfeiture ... if, at the time of the offense, the person's driver's license is suspended, revoked, or canceled as a result of a prior conviction for driving under the influence." Section 932.701(2)(a)(9), Florida Statutes (2004), the Florida Contraband Forfeiture Act, provides that a motor vehicle that is used during the course of committing an offense in violation of section 322.34(9)(a) is contraband.