# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Steven O. Dale, Acting Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Petitioner Below, Petitioner**

**FILED**

October 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-1321** (Kanawha County11-AA-76)

**Richard O. Ellison,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven O. Dale, the Acting Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), by counsel Janet E. James, appeals the circuit court's order affirming the Office of Administrative Hearings' order overturning the revocation of respondent's driver's license for driving under the influence. Respondent Richard O. Ellison, by counsel Jefferson L. Triplett, filed a response to which the DMV filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent was arrested for driving under the influence of alcohol ("DUI") on November 13, 2010, in Pocahontas County. During the arrest, respondent refused three sobriety tests.[1] He was then taken to the state police detachment where an officer administered the Intoximeter test with a result that exceeded the legal limit for alcohol. On December 17, 2010, petitioner sent an order of revocation revoking respondent's driver's license for up to six months for driving while under the influence of alcohol. Respondent petitioned for a hearing in front of the West Virginia Office of Administrative Hearings ("OAH"). That hearing was held on March 4, 2011, and both parties appeared by counsel. According to the Circuit Court of Kanawha County, the DUI Information Sheet was accepted at the OAH hearing over the objection of respondent's counsel, as it contained several errors. The investigating officer, Deputy D.M. Brock, documented that his certification and training on the Intoximeter EC/IRII occurred December 19, 2010, after the November 13, 2010, testing of the respondent. The officer also

---

[1] According to respondent, he is a disabled heavy equipment operator who suffers from pain in his lower spine, two herniated discs, and bulging discs, so he was unable to perform either the one-leg stand or the walk and turn test.

1

entered an incorrect county reference on the secondary chemical test. The DUI Information Sheet also indicated that both the initial contact with respondent and the arrest occurred at the same time. It further shows that a preliminary breath test was administered just nine minutes after the documented time of arrest and initial contact. During his testimony, the officer admitted that there was no marked center line on the road where the stop was initiated, despite his contention that he stopped respondent for crossing the center line.

By final order entered on June 2, 2011, the OAH rescinded petitioner's initial order of revocation based on errors contained in the DUI Information Sheet. Petitioner appealed the matter to the Circuit Court of Kanawha County, which entered a Final Order on November 26, 2013, affirming the decision of the OAH. In that order, the circuit court found that the State failed to establish a basis for reversing the OAH's order. The circuit court also considered the OAH's finding that the arresting officer's testimony was inconsistent and not credible. It went on to state that the results of the field sobriety tests were called into question due to respondent's medical conditions. The circuit court therefore affirmed the OAH's decision and dismissed the action. It is from that order that petitioner appeals.

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996). Further,

> [u]pon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Syl. Pt. 2, *Shepherdstown Volunteer Fire Dept. v. State ex rel. State of W.Va. Human Rights Comm'n*, 172 W.Va. 627, 309 S.E.2d 342 (1983).

In this appeal, petitioner asserts that the circuit court erred in failing to weigh the evidence in this matter according to the appropriate standard and by disregarding evidence that clearly showed that respondent drove a motor vehicle while under the influence of alcohol. Petitioner argues that both the OAH and the circuit court failed to address the findings to support

a revocation, as required by West Virginia Code § 17C-5A-2(f). Petitioner also contends that the DUI Information Sheet contained typographical errors but included the information necessary to support the revocation of respondent's driver's license for driving under the influence. Finally, petitioner argues that the circuit court erred by failing to examine the totality of the evidence.

The documents contained in the record include respondent's medical records and color photographs of the scene where respondent was pulled over and arrested. The administrative law judge considered these documents, the testimony of the officer, and the documents submitted by petitioner in reaching her conclusion. During the hearing, the officer testified that he made initial contact with respondent at 21:21 and that respondent blew into the Intoximeter at 21:30. However, this is in direct contradiction with his testimony that he waited the required fifteen minutes between initial contact and performing the Intoximeter test.[2] In addition, the DUI Information Sheet shows that both the time of initial contact and the time of arrest were 21:21. The officer attempted to clarify the matter, testifying that the citation was at 21:21 but that that was not the time of arrest. He also testified that the initial Intoximeter test was administered prior to the arrest.

Further, while the DUI Information Sheet stated that the officer pulled respondent over because respondent was straddling the center line and weaving, the photographs admitted into evidence show that the lines on the road in that area were non-existent in some portions and very faint in others. The Intoximeter ticket also showed that the test was administered in Barbour County, though the officer marked that out to show that the test was administered in Pocahontas County. Finally, the officer initially testified that he was certified to operate the Intoximeter in December of 2010, subsequent to respondent's arrest at issue. After further questioning, the officer testified that he had become certified on the Intoximeter in 2009, as evidenced by his training records provided to the OAH.

"Evidentiary findings made at an administrative hearing should not be reversed unless they are clearly wrong." Syl. Pt. 1, *Francis O. Day Co., Inc. v. Director, Div. of Envtl. Prot.*, 191 W.Va. 134, 443 S.E.2d 602 (1994). Contrary to petitioner's claimed error, based upon our review of the record, we find that the circuit court did not err in affirming the OAH's "Final Order." The order sufficiently addresses the four factors set forth in West Virginia Code § 17C-5A-2. In its "Final Order," the OAH found that the State failed to present sufficient evidence at the administrative hearing. The OAH noted the issues with the officer's testimony and documentation, including the Intoximeter certification date; the incorrect county reference on the secondary chemical test; the fact that both the initial contact and time of arrest were 21:21; and the administration of the preliminary breath test only nine minutes after the officer made contact with respondent. The OAH specifically found that the officer "could not adequately explain how he both encountered the [r]espondent and arrested him at the same time; nor why he administered a preliminary breath test after the arrest." The order also states that the documentary evidence submitted by the officer was flawed and that the flaws were not sufficiently addressed during the officer's testimony.

---

[2] C.S.R. § 64-10-5.2(a) requires that "[t]he law enforcement officer [] prohibit the person from drinking alcohol or smoking for at least fifteen minutes before conducting the test."

It is unclear from the record whether the DUI Information Sheet simply contained typographical errors or the officer's procedure was incorrect. However, as set forth above, findings of fact by the OAH are accorded deference unless the reviewing court believes the findings to be clearly wrong. In addition, "a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by a [hearing examiner] are similarly entitled to deference." Syl. Pt. 1, in part, *Cahill v. Mercer County Bd. of Educ.,* 208 W.Va. 177, 539 S.E.2d 437 (2000). In this case, the OAH heard the testimony of the officer and reviewed the DUI Information Sheet included in the record before it. In employing the deference afforded to such findings, we cannot find that the OAH's conclusions on this point were clearly wrong. The same is true for the circuit court's consideration of the totality of the evidence. For the reasons set forth herein under the facts of this case, we find that the circuit court did not err in affirming the OAH's "Final Order" in the matter below.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING AND WRITING SEPARATELY:**

Justice Allen H. Loughry II


Loughry, Justice, dissenting:

In its rush to focus on what were obviously clerical, easily-explained errors in the DUI Information Sheet, the Office of Administrative Hearings ignored the plain evidence that the respondent drove a motor vehicle while under the influence of alcohol. Ignoring this evidence was contrary to the directive of West Virginia Code § 17C-5A-2(e) (2013), which states that "[t]he principal question at the [administrative] hearing [challenging a driver's license revocation] shall be whether the person did drive a motor vehicle while under the influence of alcohol . . . or did drive a motor vehicle while having an alcohol concentration in the person's blood of eight hundredths of one percent or more, by weight[.]"

The arresting officer observed the respondent's truck go across a railroad track very quickly and then cross the center of the roadway. Upon executing a traffic stop, the officer

4

further observed that the respondent was unsteady when exiting his vehicle and walking to the roadside; the respondent had slow, slurred speech and was argumentative; and the respondent's eyes were bloodshot. The respondent admitted consuming five or six beers, and there was an open case of beer in the bed of his truck and beer in the cab of the truck. The respondent also refused three separate field sobriety tests. Furthermore, the respondent failed the secondary chemical breath test with a blood alcohol content of .167.

In view of this evidence, the Office of Administrative Hearings and the circuit court should have upheld the DMV Commissioner's revocation of the respondent's driver's license. Because I believe this Court must not turn a blind eye to drivers who flagrantly violate laws intended to promote public safety, I respectfully dissent. *See State ex rel. Hall v. Schlaegel*, 202 W.Va. 93, 97, 502 S.E.2d 190, 194 (1998) (recognizing purpose of administrative driver's license revocation is to promote public safety and save lives).