# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 12th day of December, 2019.*

Present:  All the Justices

Michelle Dawn Yoder,                                                                     Appellant,

 against                              Record No. 190047
                                      Court of Appeals No. 1023-17-3

Commonwealth of Virginia,                                                                Appellee.

                                                      Upon an appeal from a judgment
                                                      rendered by the Court of Appeals of
                                                      Virginia.

        This appeal arises from a decision of the Court of Appeals affirming Michelle Yoder's conviction for driving after forfeiture of her license, third offense in ten years, in violation of Code § 18.2-272(A).  Yoder contends that the Court of Appeals erred in affirming her conviction because the evidence was insufficient to prove that she had had actual notice that her license was revoked on the date of the instant offense.  Yoder also claims that the Court of Appeals did not address the link between any notice that she may have had of prior revocations and a revocation that was current on the date of the instant offense.  We disagree with Yoder's arguments and affirm.

                                                      I.

        "On appeal, we review the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court."  *Commonwealth v. Perkins*, 295 Va. 323, 323 (2018) (per curiam) (citation omitted).  "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'"  *Id.* at 323-24 (citation omitted).

        So viewed, the evidence at trial showed that on June 18, 2016, a deputy with the Augusta County Sheriff's Office initiated a traffic stop on a gray Toyota van because its "rear license plate was only affixed at one screw position at an angle which [he] thought was suspicious" and because, when he checked the license-plate number, it came back as registered to "a 1999 gold

Buick." J.A. at 40. Yoder was driving the vehicle with no passengers. When the deputy approached the vehicle and asked Yoder for her identification, she provided him with "an ID card." *Id.* at 41. At this point, the deputy also noticed that Yoder had an expired state-inspection sticker. The deputy then checked the status of Yoder's driver's license using the ID card that she had provided, and Yoder's license "came back as being revoked, DUI related." *Id.* "[He] then ran a driver transcript on [his] terminal in the vehicle," which confirmed that Yoder "had three previous convictions." *Id.* The deputy then arrested Yoder.

At trial, the Commonwealth introduced two of Yoder's prior convictions, entered in July 2010 and March 2014, for driving on a revoked license in violation of Code § 18.2-272. *See* J.A. at 67-68. Both conviction orders came from the general district court and noted that Yoder had been present in court, had pleaded guilty to the offense, and had been found "GUILTY AS CHARGED." *Id.* Based upon the 2014 conviction, Yoder was sentenced to 90 days in jail with all but 10 days suspended. *See id.* at 67.

Sitting as factfinder, the trial court found Yoder guilty of driving after forfeiture of her license, third offense in ten years, in violation of Code § 18.2-272(A). Yoder appealed to the Court of Appeals, which affirmed her conviction in an unpublished opinion. *See Yoder v. Commonwealth*, Record No. 1023-17-3, 2018 WL 6497086 (Va. Ct. App. Dec. 11, 2018). Specifically, the Court of Appeals found the evidence "sufficient to support the trial court's finding that [Yoder] had actual notice that her driving privileges remained revoked at the time of the instant offense." *Id.* at *4.

## II.

## A.

Yoder first challenges the sufficiency of the evidence to support her conviction, contending that the evidence was insufficient to prove beyond a reasonable doubt that she had had actual notice of the continuing revoked status of her driver's license on the date of the instant offense. Our appellate review of such challenges follows a well-marked path:

> "When reviewing the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" This Court "does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational

trier of fact could have found the essential elements of the crime
beyond a reasonable doubt."

*Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (emphases in original) (alteration and citations omitted).

Code § 18.2-272(A) states, in relevant part, that "[a]ny person who drives or operates any motor vehicle . . . during the time for which he was deprived of the right to do so" for various specified offenses, "after his license has been revoked pursuant to" various specified statutes, or "in violation of the terms of a restricted license . . . is guilty of a Class 1 misdemeanor," while "[a]ny person convicted of three violations of this section committed within a 10-year period is guilty of a Class 6 felony." A conviction under this statute requires a showing "that the defendant had actual notice that he no longer had the privilege to drive in the Commonwealth when the offense occurred," *Peters v. Commonwealth*, 66 Va. App. 743, 746 (2016), but the statute does not require any particular form of notice and does not mandate any degree of specificity for such notice.

The requisite notice can be inferred from the circumstances and need only be enough to show that the driver knew he was driving without any legal "right to do so," Code § 18.2-272(A). *See Peters*, 66 Va. App. at 750 ("The evidence and reasonable inferences from the evidence prove that the appellant had actual notice that his license had been revoked at the time of the offense."). What is true generally is true here as well.

> "[A]ctual notice embraces all degrees and grades of evidence, from the most direct and positive proof to the slightest circumstance from which a jury would be warranted in inferring notice. It is a mere question of fact, and is open to every species of legitimate evidence which may tend to strengthen or impair the conclusion."
>
> Notice is a matter of fact, and is to be proved like all other facts, by direct proof of the fact itself, or by proof of circumstances from which the fact may be justly inferred.

*Hofheimer v. Booker*, 164 Va. 358, 365-66 (1935) (citation omitted).

The Court of Appeals correctly found the evidence sufficient to conclude that Yoder had had actual notice on the date of the instant offense that she was driving "during the time for which [s]he was deprived of the right to do so," Code § 18.2-272(A). She had been previously convicted twice (in 2010 and in 2014) of driving on a revoked license and had served 10 days in jail on the second conviction. She was present in the courtroom on both occasions and pleaded guilty each time. If Yoder had possessed a driver's license on either occasion, she would have

3

been required to physically surrender it to the court. *See* Code § 46.2-398. When the deputy stopped Yoder in this case, he confirmed that Yoder's license remained in revoked status.[1] The record contains no indication that when the deputy asked for her identification, Yoder looked in her purse for her license or attempted to explain why she did not have it. Instead, she merely handed the deputy an ID card, which clearly stated that it did not authorize Yoder to drive, *see* Code § 46.2-345(D) — a tacit admission that she knew she did not have a valid driver's license.[2] In order to have been issued such an ID card, Yoder could not have possessed a valid driver's license. *See* Code § 46.2-345(A)(4). Based upon this evidence, a rational factfinder could reasonably infer that Yoder knew she had no legal right to drive a vehicle and, thus, the facts amply support her conviction for driving after forfeiture of her license, third offense in ten years.[3]

B.

Yoder argues that our reasoning is inconsistent with *Barden v. Commonwealth*, 64 Va. App. 700 (2015). In that case, the Court of Appeals addressed Code § 46.2-301(B), which states

---

[1] This evidence was wholly uncontradicted at trial. *See generally Robinson v. Commonwealth*, 165 Va. 876, 880 (1936) (holding "that the failure or neglect of an accused to produce evidence within his power might be considered by the [factfinder] in connection with the other facts proved in the case"); *Pollino v. Commonwealth*, 42 Va. App. 243, 251 (2004) (stating that the failure to produce available evidence is "a circumstance," but "not a presumption," that a factfinder may consider (emphasis and citation omitted)); 1 Simon Greenleaf, A Treatise on the Law of Evidence § 195b, at 326-27 (John Henry Wigmore ed., 16th ed. 1899) ("But from this must be distinguished his failure by *other* evidence to rebut the evidence on a given point where it is apparently in his power to produce such evidence without waiving his privilege; this of course tells against him." (emphasis added)); Thomas Starkie et al., A Practical Treatise of the Law of Evidence 74 (Metcalf et al. eds., 10th Am. ed. 1876) (noting that a party's failure to produce evidence that "is within his power, and which rests peculiarly within his own knowledge," is a circumstance that can be considered against him).

[2] The Court of Appeals found it to be "a reasonable inference that the identification card presented by [Yoder] at the traffic stop was a special identification card governed by Code § 46.2-345." *Yoder*, 2018 WL 6497086, at *4. We agree.

[3] We find unpersuasive Yoder's reliance on *Bishop v. Commonwealth*, 275 Va. 9 (2008). The facts of that case are quite different from this one. In *Bishop*, the evidence had consisted solely of a DMV transcript that was "confusing and [did] not contain any information about Bishop's status as an habitual offender" and that "[did] not specify the content of any notification that may have been provided to Bishop"; "[did] not identify the person, agency, or entity that constituted 'law enforcement'"; and did not provide any "proof of actual notice to anyone." 275 Va. at 12-14.

4

that an individual whose license has been suspended or revoked may not drive any vehicle "on any highway in the Commonwealth until the period of such suspension or revocation has terminated or the privilege has been reinstated or a restricted license is issued." Reversing a conviction under this statute, *Barden* held that, upon the expiration of a statutory revocation period, the license does not remain in a revoked status, nor does it revert back to the status of a valid license. *See* 64 Va. App. at 706-10. Instead, under *Barden*, until the driver successfully obtains a reinstatement of his license, he remains in an odd legal purgatory — one in which he is neither driving on a revoked license nor driving on a valid license, but rather is merely driving without a valid license. *See id.* at 708-09. Many courts take a different view, however, and hold that a revocation period is simply a period during which an individual may not apply to have his license reinstated and that a revoked license remains revoked until reinstatement. *See State ex rel. Hall v. Schlaegel*, 502 S.E.2d 190, 194-96 (W. Va. 1998) (collecting authorities).[4]

We offer no opinion on this subject because, whether or not *Barden*'s legal reasoning is correct, that case is factually distinguishable on a dispositive point. The defendant in *Barden* was driving after the expiration of the revocation period and before any effort to reinstate his license. That fact required the Court of Appeals to discern the exact status of the driver during this interregnum. That is not the task we face here. Yoder's statutory revocation period was still in effect at the time that the deputy arrested her. This conclusion is true as a matter of law, *see* Code § 46.2-391(A) (requiring the Commissioner to revoke Yoder's license for three years for

---

[4] *See also, e.g.*, *State ex rel. Collins v. Scott*, 633 P.2d 397, 398 (Ariz. 1981) (en banc); *People v. Lessar*, 629 P.2d 577, 579-80 (Colo. 1981) (en banc); *Rickard v. District of Columbia*, 214 A.2d 476, 478 (D.C. 1965); *State v. Tarman*, 917 So. 2d 899, 901 (Fla. Dist. Ct. App. 2005) (per curiam); *People v. Turner*, 354 N.E.2d 897, 899 (Ill. 1976); *White v. State*, 94 A.3d 833, 836-37 (Md. Ct. Spec. App. 2014); *State v. Wicks*, 258 N.W.2d 598, 599-601 & n.4 (Minn. 1977); *State v. Counts*, 783 S.W.2d 181, 183 (Mo. Ct. App. 1990); *State v. Cooney*, 945 P.2d 891, 897 (Mont. 1997); *State v. Smith*, 152 N.W.2d 16, 19 (Neb. 1967); *City of Santa Fe ex rel. Santa Fe Police Dep't v. One (1) Black 2006 Jeep 2-Door V.I.N. 1J4FA6456P731037 N.M. License No. 001 PND*, 286 P.3d 1223, 1225-27 (N.M. Ct. App. 2012); *People v. Fisher*, 630 N.Y.S.2d 188, 189-90 (N.Y. Dist. Ct. 1995); *State v. Brude*, 222 N.W.2d 296, 297-98 (N.D. 1974); *Fink v. State ex rel. Dep't of Pub. Safety*, 852 P.2d 774, 776-77 (Okla. Civ. App. 1992); *State v. Thompson*, 88 S.W.3d 611, 615-16 (Tenn. Crim. App. 2000). *But see, e.g.*, *State v. Hammerton*, 886 P.2d 1012, 1016-17 (Or. 1994) (en banc). *See generally* Joseph B. Conder, Annotation, *Validity, Construction, Application, and Effect of Statute Requiring Conditions, in Addition to Expiration of Time, for Reinstatement of Suspended or Revoked Driver's License*, 2 A.L.R.5th 725, § 13[a]-[b] (2019) (collecting cases).

her March 2014 conviction), and as a matter of fact that Yoder conceded, *see* J.A. at 41; Oral Argument Audio at 1:07 to 1:17, 5:42 to 6:13, 23:31 to 23:41.

The question that we must answer, therefore, is far different from the one that the Court of Appeals addressed in *Barden*. We ask only whether a rational factfinder could conclude that Yoder knew she was driving without any legal "right to do so," Code § 18.2-272(A), when the evidence demonstrates that

- her driving occurred during a statutorily mandated revocation period;

- she had been previously convicted at least twice for driving on a revoked license;

- she had been present in court at the time of her prior convictions and had pleaded guilty each time;

- she had previously served time in jail on one of those convictions; and

- when the deputy asked her for identification during the traffic stop, she merely handed him an ID card used by those who do not have and, it can be reasonably inferred, know that they do not have, a driver's license.

As discussed earlier, *see supra* at 3-4, a rational factfinder could conclude beyond a reasonable doubt that Yoder knew she was driving without any legal "right to do so," Code § 18.2-272(A). *Barden* has no impact on this conclusion.

III.

The Court of Appeals did not err in finding the evidence sufficient to support Yoder's conviction for driving after forfeiture of her license, third offense in ten years. We therefore affirm the judgment of the Court of Appeals.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and to the Circuit Court of Augusta County.

A Copy,

Teste:

Douglas B. Robelen, Clerk

6

By:

Deputy Clerk