483 S.E.2d 71

STATE of West Virginia ex rel. Truong VAN NGUYEN, Petitioner,

v.

Honorable Irene C. BERGER, Judge of the Circuit Court of Kanawha County, and William C. Forbes, Prosecuting Attorney for Kanawha County, Respondents.

STATE of West Virginia, Appellant

v.

Steve A. RIFE, Appellee.

Nos. 23614, 23655.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 1, 1996.

Decided Dec. 16, 1996.

Rehearing Refused Feb. 11, 1997.

**73**

Richard L. Gottlieb, Lewis, Friedberg, Glasser, Casey & Rollins, Charleston, for Petitioner.

Susan B. Tucker, Assistant Prosecuting Attorney, Charleston, for Respondents.

Alvin E. Gurganus, II, Shott, Gurganus & Williamson, Bluefield, for Petitioner.

RECHT, Judge:[1]

We are presented here with two cases consolidated for purposes of appeal, each requiring us to consider whether a corporate officer is criminally responsible, along with the corporation, for the failure to pay workers' compensation premiums and to file workers' compensation reports within the meaning of W. Va.Code 23–1–16(a) (1995). The defendant Truong Van Nguyen petitions this Court for a writ of prohibition to prevent the Circuit Court of Kanawha County, Judge Irene Berger, from enforcing an order refusing to grant the defendant's motion to dismiss an indictment for multiple violations of W. Va.Code 23–1–16 (1995). Conversely, the State appeals the granting of a motion to dismiss the indictment against defendant Steve A. Rife for multiple violations of W. Va.Code 23–1–16 (1995) by the Circuit Court of Kanawha County, Judge Paul Zakaib, Jr.

## I.

### FACTS

The defendants in this case were indicted in separate proceedings in the January 1996 term by the Grand Jury for the Circuit Court of Kanawha County. The grand jury re-

turned multiple count indictments against Van Nguyen, in his capacity as president of McDowell Energy, Inc., and Rife, in his capacity as president of Black Rock Mining, Inc., both for failing to pay premiums into the Workers' Compensation Fund as well as failing to file quarterly reports with the Workers' Compensation Commissioner.

The defendants filed motions to dismiss their indictments on the ground that corporate officers cannot be held criminally liable under W. Va.Code 23–1–16 (1995).

The defendants' motions were considered by different circuit judges, one of whom agreed with the defendant Rife and dismissed his indictment, with prejudice; the other of whom denied Mr. Nguyen's motion.

As a result of the circuit court rulings on the defendants' respective motions, Mr. Nguyen petitions this Court for a writ of prohibition to prevent the circuit court from enforcing its order, and the State appeals the dismissal of the indictment against Mr. Rife. Because both cases turn on the same legal issue, we granted both petitions and consolidated them for purposes of appeal.

## II.

### DISCUSSION

■ The sole issue raised in both appeals is whether, under the specific provisions of W. Va.Code 23–1–16(a) (1995), a corporate officer can be held criminally responsible for the failure of the corporation to pay workers' compensation premiums as well as the failure to file quarterly reports.

W. Va.Code 23–1–16 (1995) provides, in relevant part:

(a) Any person, firm, partnership, company, corporation or association who, as an employer, is required by the provisions of this chapter to subscribe to the workers' compensation fund, and who knowingly and willfully fails ... to make any payment or file a report as required by the

---

**1.** The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

provisions of this chapter within the time periods specified by law, is guilty of a felony, and, upon conviction thereof, shall be fined not less than one thousand dollars and not more than ten thousand dollars.... Provided, That in the case of a person other than a natural person, the amount of the fine shall be not less than ten thousand dollars nor more than twenty-five thousand dollars.

W. Va.Code 23–1–16 (1995).

The defendants contend that because W. Va.Code 23–1–16(a) (1995) does not specify corporate officers among those who may be responsible for the non-performance of the mandatory requirement of paying workers' compensation premiums and submitting workers' compensation forms, then the statute was not intended to apply to. corporate officers. The argument continues that the statute was designed only to apply to sole proprietorships and other enumerated business organizations in their capacity as employers, and not corporate officers, as they are not employers as contemplated within W. Va.Code 23–2–1.[2]

■ W. Va.Code 23–1–16(a) does impose responsibility upon a corporation and does not specifically mention officers of the corporation, however, the common law rule is entrenched in West Virginia to the extent that "[o]fficers, agents, and directors of a corporation may be criminally liable if they cause the corporation to violate the criminal law while conducting corporate business." Syllabus Point 5, *State v. Childers*, 187 W.Va. 54, 415 S.E.2d 460 (1992). *See also* Syllabus Point 3, *Bowling v. Ansted Chrysler–Plymouth–Dodge, Inc.*, 188 W.Va. 468, 425 S.E.2d 144 (1992) ("An officer of a corporation ... may be personally liable for the tortious acts of the corporation, including fraud, if the officer participated in, approved of, sanctioned, or ratified such acts.")

The rationale behind imputing criminal liability to corporate officers, in addition to imposing liability upon the corporation, is that "[t]he existence of a corporate entity does not shield from prosecution corporate agents who knowingly and intentionally cause the corporation to commit crimes, in that a corporation obviously acts, and can act, only by and through its member agents and it is their conduct which criminal law must deter and those agents who in facts are culpable." [3] *Childers*, 187 W.Va. at 59, 415 S.E.2d at 465 (quoting *Miller v. State*, 732 P.2d 1054, 1059 (Wyo.1987)). *See* Syllabus Point 3, *Mullins v. Venable*, 171 W.Va. 92,

2. W. Va.Code 23–2–1 provides, in relevant part:
The state of West Virginia and all governmental agencies or departments created by it, including county boards of education, political subdivisions of the state, any volunteer fire department or company and other emergency service organizations as defined by article five [§ 15–5–1 et seq.], chapter fifteen of this code, and all persons, firms, associations and corporations regularly employing another person or persons for the purpose of carrying on any form of industry, service or business in this state, are employers within the meaning of this chapter and are hereby required to subscribe to and pay premium taxes into the workers' compensation fund for the protection of their employees and shall be subject to all requirements of this chapter and all rules and regulations prescribed by the workers' compensation division with reference to rate, classification and premium payment: Provided, That such rates will be adjusted by the division to reflect the demand on the compensation fund by the covered employer.
    W. Va.Code 23–2–1(a) (1995).

3. Our jurisprudence relating to an officer's criminal liability is neither unique nor on the cutting edge of new age legal theories. The highest court in New York in 1912 offered possibly the best analysis as to the persona of a corporation:

A corporation [ ] is a mere conception of the legislative mind. It exists only on paper through the command of the Legislature that its mental conception shall be clothed with power. All its power resides in the directors. Inanimate and incapable of thought, action, or neglect, it cannot hear or obey the voice of the Legislature except through its directors. It can neither act nor omit to act except through them. Hence a command addressed to a corporation would be idle and vain unless the Legislature in directing the corporate body, acting wholly by its directors, to do a thing required or not to do a thing prohibited, meant that the directors should not make or cause the corporation to do what was forbidden, or omit to do what was directed. We think ... that when the corporation itself is forbidden to do an act, the prohibition extends to the board of directors and to each director, separately and individually.

*People v. Knapp*, 206 N.Y. 373, 99 N.E. 841, 844 (1912).

96, 297 S.E.2d 866, 871 (1982) ("Corporate officers have a duty to see that their corporation obeys the law.").

▉ The common law rule of imputing criminal liability upon corporate officers who are responsible for the criminal violations of the corporation continues as part of the law of this State until and unless the Legislature says otherwise. We have said that "[t]he common law, if not repugnant of the Constitution of this State, continues as the law of this State unless it is altered or changed by the Legislature. Article VIII, Section 21 of the Constitution of West Virginia; Chapter 2, Article 1, Section 1, of the Code of West Virginia." Syllabus Point 3, *Seagraves v. Legg*, 147 W.Va. 331, 127 S.E.2d 605 (1962).

▉ If the Legislature intends to alter or supersede the common law, it must do so clearly and without equivocation. Our "common law is not to be construed as altered or changed by statute, unless legislative intent to do so be plainly manifested." Syllabus Point 4, *Seagraves*, 147 W.Va. 331, 127 S.E.2d 605 (quoting *Shifflette v. Lilly*, 130 W.Va. 297, 43 S.E.2d 289 (1947)). *See also United States v. Wise*, 370 U.S. 405, 409, 82 S.Ct. 1354, 1357, 8 L.Ed.2d 590 (1962) ("No intent to exculpate a corporate officer who violates the law is to be imputed to Congress without clear compulsion; else the fines established ... to deter crime become mere license fees for illegitimate corporate business operations."). Therefore, if the Legislature intends to change the common law rule so as to exempt corporate officers from criminal liability for criminal offenses committed by the corporation, it must draft the legislation with language that explicitly expresses that intent.[4]

Because the common law in this State is clear that a corporate officer can be held criminally liable for criminal violations of the corporation, does W. Va.Code 23–1–16(a) (1995) contain express language which plainly and without equivocation exempts corporate officers from criminal sanctions when the corporations that they control fail to pay workers' compensation premiums or file timely appropriate reports? The answer is no.

▉ We are assisted in framing this answer by our decision in *Mullins v. Venable*, 171 W.Va. 92, 297 S.E.2d 866 (1982). In *Mullins*, we held that civil liability may be imposed upon corporate officers, under the Wage Payment and Collection Act, to the employees of the corporation. We noted, in support of our holding, that the Wage Payment and Collection Act, W. Va.Code 21–5–15 (1981), imposed criminal penalties, including imprisonment, for willful violations of the bonding provisions in the Act.[5] *Mullins*, 171 W.Va. at 95, 297 S.E.2d at 870. We construed W. Va.Code 21–5–15 (1981), which is similar in language to W. Va.Code 23–1–16 (1995), to impose criminal liability upon corporate officers from the language "[a]ny person, firm or corporation," despite the absence of corporate officers being specifically mentioned within this provision of the Wage Payment Act. *Mullins*, 171 W.Va. at 95, 297 S.E.2d at 870 (stating that the statute clearly contemplated that "corporate officers may not hide behind the corporate skirt to escape liability for their unlawful mischief"). We reasoned that W. Va.Code 21–5–15 (1981) clearly envisioned "personal liability on the part of corporate officers since imprisonment of the corporation, it having no body, is impossible."[6] *Id.*

Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).

---

4. We believe that this holding is consistent with the following principle:

> A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.

5. *Mullins v. Venable* directly involved civil as opposed to criminal responsibility. However, we discussed the range of criminal sanctions that could be imposed upon a corporate officer under the Wage Payment Act.

6. If we were to adopt the defendants' contention that corporate officers were not intended to be included within the scope of W. Va.Code 23–1–16(a) (1995), because they are not "employers," we would effectively be interpreting the statute

We find that *Mullins v. Venable*, while it addresses a different statute within a different act of the West Virginia Code, is still very persuasive, as the language regarding who is liable under W. Va.Code 21–5–15 (1981) is substantively similar to that of W. Va.Code 23–1–16 (1995).

The defendants also contend in support of their position that the legislative rule regarding the enforcement of reporting and payment requirements under the Workers' Compensation Act provides that corporate officers were not intended by the Legislature to be liable for the corporation's failure to pay premiums or file quarterly reports.[7]

The term "employer" has the meaning ascribed to that term by W. Va.Code § 23–2–1, which includes, but is not limited to, any individual, firm, partnership, limited partnership, copartnership, joint venture, association, corporation, organization, receiver, estate, trust, guardian, executor, administrator, or any other entity regularly employing another person or persons for the purpose of carrying on any form of industry, service or business in this state.

85 C.S.R. 11 § 2.8 (1993).

The defendants argue that this regulation, which removed the term "officer" from its definition when it amended the previous version, clearly indicates the government's in-

tent not to hold corporate officers responsible for the failure of the corporation to make payments or file reports under W. Va.Code 23–1–16(a) (1995). We disagree.

As we discussed above, if the Legislature desires to alter or supplant the common law, its intent must be plainly and clearly manifested. Syllabus Point 4, *Seagraves v. Legg*, 147 W.Va. 331, 127 S.E.2d 605 (1962). While the removal of the term "officer" from legislative rule 85 C.S.R. 11 § 2.8 (1993), would, in isolation, lend support to the defendants' argument, we are obliged to observe the other alterations made to the section. Significantly, we note that although the definition of "employer" no longer explicitly includes in its list the term "officer," the Legislature, in amending 85 C.S.R. 11 § 2.8 in 1993, made it clear that the list of persons and entities defined as "employer" was not intended to be an exhaustive list, as evidenced by the addition of the qualifier "but is not limited to" in the definition of "employer." Read in its entirety, then, we cannot say that the Legislature unequivocally expressed an intent to remove officers from the regulation defining "employer."[8]

■■■ Finally, the defendants argue that the use of the language "the officer of any corporation" in subsection (b) of W. Va.Code 23–1–16 (1995),[9] is noticeably absent from the

---

so that the only individuals who would be criminally responsible would be sole proprietors and not the constituents of any of the business organizations, including corporations, expressly mentioned in the statute. "It is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the law and further justice. It is as well the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity." Syllabus Point 2, *Click v. Click*, 98 W.Va. 419, 127 S.E. 194 (1925); *accord* Syllabus Point 2, *Pristavec v. Westfield Ins. Co.*, 184 W.Va. 331, 400 S.E.2d 575 (1990). We believe that insulating those who control the business organization from criminal liability would create the absurd result of only subjecting sole proprietors to the imprisonment portion of the penalty. The purpose behind incorporating is to limit the civil and personal liability of the agents, officers, directors, and shareholders in the event that the corporation's performance in the market results in financial losses. The purpose behind incorporating is not to create a shield in which to protect those who

control the corporation from answering for its actions that may be criminal in nature.

**7.** 85 C.S.R. 11 § 1.1 (1995) provides:

Scope.—This legislative rule provides for the determination of delinquency and default on the part of employers regarding reporting and payment requirements, for the enforcement of collection of payments from those requirements, and for enforcement of other required payments.

**8.** We do not mean to be so presumptuous as to suggest to the Legislature the model of any statute that might exempt corporate officers and directors from being criminally responsible for criminal offenses of the corporation so as to change the common law. An example, though, might be as follows: "Providing that, liability for violations under this section shall not be imposed upon the officers and directors of the corporation."

**9.** W. Va.Code 23–1–16(b) (1995) provides:

Any person or firm, or the officer of any corporation, who knowingly and willfully

text of subsection (a), and requires us to apply the maxim of statutory construction known as *expressio unius est exclusio alterius,* which means the expression of one implies the exclusion of another. Syllabus Point 3, *Manchin v. Dunfee,* 174 W.Va. 532, 327 S.E.2d 710 (1984). We do not believe that subsections (a) and (b) of W. Va.Code 23–1–16 (1995) require us to apply the maxim of *expressio unius est exclusio alterius.* Although these two subsections are contained within the same section of the West Virginia Workers' Compensation Act, they create separate and distinct offenses, which was made clearer by the Legislature's amendment of the section in 1995, whereby the two offenses were removed from a unified text and placed into separate subsections. The two subsections address mutually exclusive offenses, and each subsection can be read without doing offense to the other. Furthermore, W. Va.Code 23–1–16(a) (1995) is clear and unambiguous in that it does not express an intent to create an exception to our rule under the common law that corporate officers may be liable for the criminal violations of the corporation. Therefore, because W. Va.Code 23–1–16(a) (1995) is not vague or ambiguous, there is no need to construe the statute, and we need not turn to the rules of statutory construction, including the maxim of *expressio unius est exclusio alterius.*

### III.

### CONCLUSION

For the foregoing reasons, we find that the Legislature has not expressed a clear intent to exempt corporate officers from criminal liability under W. Va.Code 23–1–16 (1995). We therefore conclude that circuit court's order denying Mr. Nguyen's motion to quash the indictment was proper, and that the circuit court's order granting Mr. Rife's motion to quash the indictment improperly interpreted the statute and misapplied the law.

Writ denied.

Reversed and remanded.

makes a false report or statement under oath, affidavit or certification respecting any information required to be provided under this chapter, shall be guilty of a felony, and, upon conviction thereof, shall be fined not less than one thousand dollars nor more than ten thousand dollars or confined in the penitentiary for a definite term of imprisonment which is not less than one year nor more than three years, or both.